UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JERMAINE D. REAVES, <br><br> Plaintiff, <br><br> -against- <br><br> RED ONION STATE PRISON CHIEF OF HOUSING DUNCAN, et al., <br><br> Defendants. | 1:25-CV-10363 (LTS) <br><br> TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jermaine D. Reaves, who is currently incarcerated in the Wallens Ridge (Virginia) State Prison, located in Big Stone Gap, Virginia, brings this *pro se* action asserting claims under the court's federal question and diversity of citizenship subject matter jurisdictions.[1] Plaintiff seeks damages as well as a transfer of his custody to the State of Connecticut.[2] He names the following defendants: (1) Red Onion (Virginia) State Prison Chief of Housing Duncan; (2) Red Onion (Virginia) State Prison Unit Manager Reynolds; (3) the Virginia Department of Corrections's ("VADOC") Chief of Transfers; and (4) unidentified "Virginia State Official John Doe" or "Jane Doe." For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the Western District of Virginia.

---

[1] Plaintiff's mailing address is the Virginia Department of Corrections's Centralized Mail Distribution Center.

[2] Plaintiff has filed, with this complaint, a motion for a temporary restraining order, which is pending. (ECF 3.)

## DISCUSSION

The appropriate venue provision for Plaintiff's claims can be found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in a federal district court for:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Plaintiff's complaint in this action, which has attached to it statements and motions that seem to be associated with other federal civil actions that Plaintiff may have previously brought (ECF 1, at 5-12), names multiple Virginia state officials, including VADOC officials, as defendants (*id.* at 1, 4, 13). While the complaint does not specify where any of the defendants reside, it alleges nothing to suggest that any of them are residents of the State of New York, let alone, of this judicial district.[3] Thus, it seems clear that this court is not a proper venue for this action under Section 1391(b)(1).

---

[3] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

The complaint does indicate, however, that the substance of Plaintiff's claims is about his alleged transfer, on June 27, 2025, from the Red Onion State Prison, which is located in Pound, Wise County, Virginia, to the River North Correctional Center, which is located in Independence, Grayson County, Virginia. (*See id.* at 13-14.) Both of those facilities are VADOC prisons, and Wise and Grayson Counties are both located within the Western District of Virginia. *See* 28 U.S.C. § 127(b). Thus, the United States District Court for the Western District of Virginia is a proper venue for this action, under Section 1391(b)(2). The complaint alleges nothing to suggest that any of the alleged events occurred within this judicial district. Thus, this court does not appear to be a proper venue for this action, under Section 1391(b)(2).

Under 28 U.S.C. § 1406(a), if a plaintiff files a federal civil action in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As discussed above, Plaintiff's claims arise from events that allegedly occurred in the Western District of Virginia. *See supra* at 3. Accordingly, venue lies in the United States District Court for the Western District of Virginia, *see* § 1391(b)(2), and, in the interest of justice, the Court transfers this action to that court, *see* § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Western District of Virginia. Whether Plaintiff should be permitted to proceed further without prepayment of fees (ECF 2), and whether the motion for a temporary restraining order should be granted (ECF 3), are determinations to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court. The Court, therefore, directs the Clerk of Court to terminate ECF 3.

The Court certifies, pursuant to 28 U.S.C.§ 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 16, 2026
        New York, New York

                                            /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                        Chief United States District Judge